# Exhibit J

| | |
|---|---|
| **From:** | Wernick, Melissa F. |
| **To:** | Lyons, Kelly (USANJ); Webman, Aaron (USANJ); Bejleri, Olta (USANJ) |
| **Cc:** | Vartan, Lee |
| **Subject:** | [EXTERNAL] U.S. v. Spotts |
| **Date:** | Tuesday, November 4, 2025 6:21:59 PM |
| **Attachments:** | image001.png<br>11.4.25 Letter.pdf |

Counsel,

Please see the attached correspondence. Thank you.



**MELISSA F. WERNICK**
Member
Chiesa Shahinian & Giantomasi PC

**O** 973.530.2157
**F** 973.530.2357
mwernick@csglaw.com
105 Eisenhower Parkway | Roseland, NJ 07068

csglaw.com

***Please Note:*** *The information contained in this email message is a PRIVATE communication that may contain confidential attorney-client information. If you are not the intended recipient, do not read, copy or use it or disclose it to others. If you have received this message in error, please notify the sender immediately by replying to this message and then delete it from your system.*

*Thank you.*



CHIESA SHAHINIAN & GIANTOMASI PC

105 Eisenhower Parkway, Roseland, NJ 07068
csglaw.com

**LEE VARTAN**
Member

lvartan@csglaw.com

O  973.530.2107          F  973.325.1501

November 4, 2025

<u>Via Email</u>
  AUSA Aaron Webman
  AUSA Kelly Lyons
  AUSA Olta Bejleri
  United States Attorney's Office
  District of New Jersey
  402 East State Street
  Trenton, New Jersey 08608

    Re:   *United States v. Spotts*, 25-CR-519-MAS

Dear Counsel:

    As you know, we represent Jeffrey Spotts in the above-captioned action. During Mr. Spotts' initial appearance and arraignment, the Court ordered as follows:

> [T]he United States is ordered to produce all exculpatory evidence to the defendant under *Brady v. Maryland* and its progeny. Not doing so in a timely manner may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges, and contempt proceedings.
>
> [Tr. 4:18-23.]

Further, in the Court's Scheduling Order, the Government must produce (*i*) substantially all discovery required by Federal Rule of Criminal Procedure 16(a)(1) on or before November 19, 2025 and (*ii*) exculpatory evidence, within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, on or before the same date.

    Mr. Spotts hereby formally demands production of all discoverable materials pursuant to Rule 16(a)(1) and *Brady v. Maryland*, including, but not limited to, the following:

    *First*, we request all *Brady* material that is within the possession, custody, or control of the Government, the existence of which is known by the Government, or the

NEW JERSEY    NEW YORK

November 4, 2025
Page 2

existence of which may become known to the Government through the exercise of due diligence. For the avoidance of doubt, this request is for evidence of any kind that tends to exculpate Mr. Spotts, tends to be favorable or useful or material to the defense, or tends to affect the weight or credibility of the evidence to be presented against Mr. Spotts. This includes the names, addresses, and any statements of any persons who were interviewed and who disavowed the Government's theory of prosecution as to Mr. Spotts or otherwise provided exculpatory information about him.

*Second*, request is made for any statement(s) from John Hughes, Brian Kahn, or any other witness indicating that Mr. Spotts was unaware of the round-trip transactions alleged in the Indictment.

*Third*, any statements from Hughes or any other witness, including MaryAnne Angiletta, regarding Hughes forging Mr. Spotts' signature.

*Fourth*, any statements from Hughes that he destroyed his text messages or other instant messages, including Bloomberg, Reuters, or Eikon messages, with Kahn.

*Fifth,* any statements or evidence discussing or reflecting payments or other benefits Hughes received from Kahn.

*Sixth,* any statements or evidence discussing or reflecting payments or other benefits Kahn received from Hughes.

*Seventh,* all inconsistent statements between Hughes and Kahn.

*Eighth,* all evidence that Kahn funded Samjor LP with FRG shares.

*Ninth,* all evidence that Hughes believed Kahn had funded Samjor LP with FRG shares.

*Tenth*, all communications between Kahn and Prophecy clients.

*Eleventh*, all statements from any Prophecy employee that the employee understood Kahn's non-cash collateral to be real and valuable.

*Twelfth,* all statements from any investor that Mr. Spotts disclosed the existence of non-cash collateral to the investor.

*Thirteenth,* all statements from any investor that Mr. Spotts disclosed Kahn's losses to the investor.

*Fourteenth,* all evidence that Kahn engaged in fraud around funding Samjor LP.

*Fifteenth,* all evidence that Kahn engaged in fraud when he failed to fund the

November 4, 2025
Page 3

settlement in the arbitration titled *Prophecy Trading Advisors Master Fund, LP, et al. v. Brian Kahn, et al.*, ICDR Case No. 01-20-0005-4031.

*Sixteenth*, all evidence that Brenda Smith or anyone at Broad Reach defrauded Mr. Spotts or Prophecy.

*Seventeenth*, all evidence and communications regarding Smith transferring interests of Broad Reach and TA1.

*Eighteenth*, all text message communications between Kahn and Hughes from January 1, 2015 through November 2, 2023.

*Nineteenth*, all evidence that Kahn double-pledged FRG stock or pledged FRG stock to any person or entity other than Samjor LP during the indictment period.

*Twentieth*, all evidence regarding Kahn's receipt or anticipated receipt of settlement proceeds from Wilson Sonsini.

*Twenty-first,* we request the names, addresses and qualifications of any experts who the Government intends to call as witnesses at trial. In addition, we request that you provide us with the names and case numbers of any court proceeding in which these individuals have testified as experts.

The foregoing items are discoverable under Rule 16, and demand is hereby made for their immediate production.

Furthermore, pursuant to Rule 16, we request that the Government provide availability for counsel to inspect and copy books, papers, documents, data, photographs, and/or tangible objects that are material to preparing the defense, that the Government intends to use in its case-in-chief at trial, or that were obtained from or belong to Mr. Spotts or Prophecy.

Please contact me with any questions.

                                            Very truly yours,

                                            *s/ Lee Vartan*

                                            Lee Vartan