

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, 7th floor  973-645-2700
Newark, New Jersey 07102

December 29, 2025

Hon. Michael A. Shipp
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re: *United States v. Jeffrey Spotts*, Crim No. 25-519 (MAS)

Dear Judge Shipp:

      The United States of America, by and through its assigned Filter Team (AUSA Jake A. Nasar), with the consent of Defendant Jeffrey Spotts and third party-privilege holder Brian Kahn ("Kahn"), submits this letter motion for entry of an order pursuant to Federal Rule of Evidence 502(d) in this matter. In support of this motion, the Filter Team provides the following information:

1. Pursuant to a grand jury subpoena, the Government obtained certain emails from Kahn's personal email account that were synced to a cloud-based server held by Franchise Group, Inc. ("FRG").

2. On May 6, 2024, and on June 5, 2024, the Filter Team provided the returns from the subpoena to Kahn and requested that he review the material and provide any privilege assertions.

3. On July 17, 2024, Kahn's counsel asserted that the returns from the subpoena contained certain attorney-client privileged material (the "Potentially Protected Subpoenaed Material"). The Filter Team reviewed Kahn's privilege claims and continued to hold the Potentially Protected Subpoenaed Material in filter, segregated from the Prosecution Team. It then released the remainder of the subpoena returns to the Prosecution Team.

4. Separately, pursuant to a search warrant authorized by Magistrate Judge Michael A. Hammer in the District of New Jersey, the Government obtained additional materials from Kahn's Microsoft

        OneDrive account held by Microsoft that contained material from Kahn's email account bkahn@vintcap.com (the "OneDrive Account").

5. On November 20, 2025, the Filter Team provided the contents of the OneDrive Account to Kahn and requested that he review the material and provide any privilege assertions.

6. On December 4, 2025, Kahn's counsel asserted that the OneDrive account contained certain attorney-client privileged materials (together with the Potentially Protected Subpoenaed Materials, the "Potentially Protected Material").

7. In order to avoid litigating privilege claims, Kahn agreed to authorize the Filter Team to release the Potentially Protected Material to the Prosecution Team, acknowledging that the Prosecution Team would produce any discoverable information therein to Defendant Jeffrey Spotts, and subject to the condition that the release of the Potentially Protected Material shall not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege or work product protection, or a subject matter waiver, in any prosecution against Kahn by the United States, or in any other federal or state proceeding.

8. On December 16, 2025, Kahn's counsel informed the Government that Kahn would authorize the Filter Team to release the Potentially Protected Material pursuant to a Rule 502(d) order.

9. Accordingly, Kahn and the Filter Team agree to the following:

    a. Upon entry of a Rule 502(d) order, Kahn will authorize the Filter Team to release the Potentially Protected Material to the Prosecution Team so the Prosecution Team can meet its discovery obligations to Defendant Jeffrey Spotts.

    b. The Government agrees that Kahn's authorization to produce the Potentially Protected Material to Defendant Jeffrey Spotts in this case shall not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege or work product protection, or a subject matter waiver, in any prosecution against Kahn by the United States, or in any other federal or state proceeding.

    c. The Potentially Protected Material shall also be subject to the Protective Order issued on September 25, 2022 (Dkt. No. 4).

      d.      Nothing herein precludes Kahn from asserting privilege or other claims against discovery, disclosure, or use at trial over said material in any other federal or state proceeding.

10. On December 18, 2025, Kahn's counsel consented to the relief sought in this motion.

11. On December 23, 2025, Defendant Spotts's counsel consented to this motion.

Accordingly, the Filter Team respectfully requests that this Motion be granted and that the Court issue an order pursuant to Federal Rule of Evidence 502(d).

          Respectfully submitted,

          TODD BLANCHE
          U.S. Deputy Attorney General

          PHILIP LAMPARELLO
          Senior Counsel

          By:    Jake A. Nasar
                Assistant U.S. Attorney

Encl.

Cc (by ECF): Lee Vartan, Esq., Counsel for Defendant
              Tim Anderson, Esq., Counsel for Brian Kahn