

**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

---

970 Broad Street, 7th floor    973-645-2700
Newark, New Jersey 07102

December 31, 2025

<u>**Via ECF**</u>
Hon. Michael A. Shipp, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re: *United States v. Spotts*, Crim No. 25-519 (MAS)

Dear Judge Shipp:

      The Government writes in opposition to the Defendant's supplemental letter in support of his motion to dismiss. ECF No. 31. In his supplemental letter, the Defendant claims that the Government has not been diligent in securing a privilege waiver from Brian Kahn over his Microsoft OneDrive account (the "OneDrive Data"). The Court should reject this claim because it is based on an incomplete version of the facts that obscures the Government's substantial efforts to make the OneDrive Data available.

      As the Defendant notes, the Filter AUSA who had been assigned to the investigation received a production from Microsoft in January 2025. But the OneDrive Data was produced in a form that the Filter AUSA could not readily access. The Government's eLitigation team, after trying several other methods, wrote a program to parse, or extract readable material, from the OneDrive Data. This process was completed in April 2025. Meanwhile, in February 2025, the Filter AUSA began discussions with Kahn's then-counsel, Scott McBride, about a filter agreement, which would have provided a process to identify potentially privileged documents and resolve any privilege claims between Mr. McBride and the Filter AUSA. But those discussions were put on hold by the time the data was parsed in April 2025 as the Government was actively negotiating resolutions with both Kahn and Spotts. Because it is the Government's strong preference not to filter data for attorney-client

privilege in the absence of a written agreement with counsel for the privilege holder, the Filter AUSA did not start the process of reviewing the data.

In September 2025, shortly after negotiations with the Defendant broke down and the need to produce the OneDrive Data became apparent, the Filter AUSA reengaged with Mr. McBride to negotiate a filter agreement or an agreement to waive privileges. Mr. McBride told the Filter AUSA that he and his firm expected to end their representation of Kahn and were not able to negotiate an agreement. Several weeks later, on October 27, 2025, Mr. McBride confirmed that his firm had withdrawn from its representation.

The Government then worked with Kahn and the Court to secure new counsel for him. On October 31, 2025, the Government forwarded a completed financial affidavit to the Court and requested that CJA counsel be appointed on his behalf. On November 6, 2025, the Court appointed an attorney to represent Kahn, *see* Crim. No. 25-7000, ECF No. 2, but that attorney was not able to accept the appointment because of scheduling conflicts. On November 12, 2025, the Court appointed Timothy Anderson to represent Kahn. *See* Crim. No. 25-7000, ECF No. 3.

The Government brought the filter issue to Mr. Anderson's attention immediately after his appointment and began discussing a potential waiver with him. Mr. Anderson asked for some time to get acquainted with the facts of the case and, on November 20, 2025, received and began reviewing the OneDrive Data. Over the course of the next several weeks, Mr. Anderson and the Government had several discussions about waiving privilege. Finally, on December 16, 2025, Mr. Anderson, on Kahn's behalf, agreed to execute a waiver, contingent on the filing of a 502(d) order. On December 18, 2025, the Filter AUSA asked for the Defendant's consent to that order, which he provided on December 24, 2025. On December 29, 2025, the Filter AUSA filed a motion for a 502(d) order, which the Court granted on December 30, 2025. The filter team has now released and the prosecution team is currently in the process of preparing the OneDrive Data for review and will make every effort to provide all discoverable material to the Defendant as quickly as possible.

A full view of the facts makes clear that the Government has acted diligently and that the recent privilege waiver provides no basis for dismissal of the Indictment.[1]

                                        Respectfully submitted,

                                        TODD BLANCHE
                                        U.S. DEPUTY ATTORNEY GENERAL

                                        PHILIP LAMPARELLO
                                        SENIOR COUNSEL

                                        *s/ Aaron L. Webman*
                                        _____
                                        Aaron L. Webman
                                        Kelly M. Lyons
                                        Olta Bejleri
                                        Assistant U.S. Attorneys

cc: Counsel of Record (via ECF)

---

[1] The Government cannot address in a public filing Defendant's speculations about potentially classified material, but, as set forth in its recent motion, *see* ECF No. 32, the Government is following statutorily mandated procedures for the review and disclosure of any potentially classified materials.