

CHIESA SHAHINIAN & GIANTOMASI PC

105 Eisenhower Parkway, Roseland, NJ 07068
csglaw.com

**LEE VARTAN**
Member

lvartan@csglaw.com

O 973.530.2107    F 973.325.1501

January 7, 2026

Honorable Michael A. Shipp
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: *United States v. Spotts*, Crim. No. 25-519 (MAS)

Dear Judge Shipp:

    We are in receipt of the Government's Motion for Pretrial Conference Pursuant to 18 U.S.C. APP. 3 § 2 and Memorandum of Law on the Classified Information Procedures Act (CIPA). ECF No. 32. While the Government's motion may accurately state the law with respect to CIPA, it is not made in a vacuum and should be rejected.

    The Government cannot pretend away the procedural posture of this case. There is a motion to dismiss pending because the Government, by its own admission, could not (and cannot) deliver the speedy trial this Court twice held Mr. Spotts is entitled to. The Government's most recent motion is additional proof of the Government's failures.

    The Government already made a motion by letter on November 25 seeking to adjourn the trial to undergo the CIPA process. *See* ECF No. 21. In that letter, the Government asked for just 60 days. The Court promptly rejected the Government's motion, finding "[t]he Court is not persuaded that the potential issues the Government raises in its letter warrant adjourning the trial date and finds that an adjournment would be unduly prejudicial to Defendant." ECF No. 22. Ignoring its previous application—and the Court's very clear decision denying it—the Government asks for another adjournment, but this one is not for 60 days. This one is for an indeterminate length. In its motion, the Government says it will "provide an estimate of the time necessary to conduct a complete review of any potentially relevant classified information" at the requested Section 2 pretrial conference. ECF No. 32 at 21. Sixty days is no longer sufficient according to the Government.

    Aside from ignoring the procedural posture, the Government's motion also ignores that all of this was entirely avoidable had the Government just done what it was supposed to do: be prepared for trial when it returned its Indictment. While the

January 7, 2026
Page 2

Government does not admit that the classified documents come from its search of Kahn's Microsoft OneDrive account in September 2024, it doesn't dispute it either. If that's where the documents are from, and it seems that they are, then the Government has had them since January 2025 and done little with them. There is no excuse for the Government's idle hands. The Government attempts one, saying "it is the Government's strong preference not to filter data for attorney-client privilege in the absence of a written agreement with counsel for the privilege holder," ECF No. 33 at 1-2, but that is demonstrably not true *in this case*. According to the Government's Rule 502(d) motion, the Government did provide Kahn's counsel with Kahn's personal emails obtained from FRG for a privilege review. *See* ECF No. 29 at ¶¶ 1-3. Why were those documents provided to Kahn "in the absence of a written agreement" but not the OneDrive documents? The Government doesn't say.

One theme permeates this case, and the Government's submissions since Spotts invoked his speedy trial right—the Government's clear "lack of diligent preparation" and its clumsy attempts to try to mask or excuse it. Which brings us to the defense's main objection to the Government's motion. It's out of order.

The Government's inability to provide Spotts with a speedy trial, and his corresponding motion to dismiss, moots the Government's application for a CIPA conference. As the Government's motion acknowledges, Section 2 of CIPA states that a pretrial conference may occur "at any time after the filing of the indictment or information." 18 U.S.C. APP. 3 § 2. There is no authority to extend CIPA procedures when no charges are pending. If the Court grants Spotts's motion to dismiss, CIPA is not applicable.

For these reasons, Spotts respectfully asks the Court to decide his motion to dismiss before considering the Government's CIPA motion.

Respectfully submitted,

*s/ Lee Vartan*

Lee Vartan
Member