**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 25-519 (MAS) |
| v. | **MEMORANDUM ORDER** |
| JEFFREY SPOTTS | |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Jeffrey Spotts's ("Spotts") Motion to Dismiss the Indictment (the "Motion"). (ECF No. 23.) The Government opposed (ECF No. 26), and Spotts replied (ECF No. 27). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Criminal Rule 1.1 and Local Civil Rule 78.1.

Spotts was indicted on August 27, 2025, on four counts: (1) conspiracy to commit wire fraud; (2) wire fraud; (3) conspiracy to commit securities fraud; and (4) securities fraud, which relate to conduct that purportedly occurred between January 2015 and March 2020. (*See* Indictment, ECF No. 1.) On September 30, 2025, the Government moved for a continuance of the speedy trial deadlines arguing that the case should be designated as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). (*See generally* Mot. for Continuance, ECF No. 8.) Spotts opposed the motion, asserting his right to a speedy trial and arguing that the case is not complex. (*See generally* Spotts Opp'n Br., ECF No. 12.) The Court held a hearing and denied the Government's motion, and set

a trial date of January 12, 2026.[1] (Oct. 30, 2025, Text Order, ECF No. 18.) A Trial Scheduling Order setting forth the pre-trial deadlines was issued on November 3, 2025. (Trial Scheduling Order, ECF No. 19.) The Government subsequently filed correspondence requesting an adjournment of the January 12, 2026, trial date because "the Government learned on November 21, 2025[,] that material it intended to produce . . . *may* contain potentially classified information." (Nov. 25, 2025, Correspondence 1, ECF No. 21 (emphasis added).) The Court denied the Government's request because it was "not persuaded that the *potential issues* the Government raise[d] in its letter warrant[ed] adjourning the trial date[.]" (Nov. 26, 2025, Text Order, ECF No. 22 (emphasis added).) The very next day, on November 27, 2025, Spotts filed the present Motion,[2] arguing that the Indictment filed against him should be dismissed pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, and Federal Rule of Criminal Procedure 48(b).[3] (*See generally* Mot. to Dismiss ("Mot."), ECF No. 23.)

*First*, Spotts argues that the Indictment should be dismissed with prejudice because the Government "has admitted that it cannot bring this matter to trial in accordance with the Speedy Trial Act." (*Id.* at 6-9.) "[T]he Speedy Trial Act generally requires a trial to begin within [seventy] days of the filing of an information or indictment or the defendant's initial appearance, . . . but the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States*, 547 U.S. 489, 497 (2006) (citing 18 U.S.C.

---

[1] During the October 29, 2025, hearing, the Court made note of the effects of the then-ongoing Government shutdown and the upcoming holidays, both of which affected the availability of upcoming trial dates. (*See* Oct. 29, 2025, Hr'g. Tr. 23:18-23, ECF No. 20.) The Court then set the trial for January 12, 2026, which Spotts's counsel did not object to on the record. (*See id.* at 23:18-24:12.)

[2] The Court adjourned the January 12, 2026, trial date and all other pre-trial deadlines pending the adjudication of the Motion. (*See* Dec. 4, 2025, Text Orders, ECF Nos. 24, 25.)

[3] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Criminal Procedure.

2

§ 3161(c)(1)). "If the trial does not commence within seventy days, or within an extended time allowable pursuant to [S]ection 3161(h) [of the Act], [t]he Indictment . . . must be dismissed on motion of the defendant[.]" *United States v. Hamilton*, 46 F.3d 271, 275 (3d Cir. 1995) (internal quotation marks and citations omitted). In general, the defendant bears the burden of proof in support of such a motion to dismiss.[4] 18 U.S.C. § 3162(a)(2); *United States v. Martinez*, 75 F. Supp. 2d 360, 363 (D.N.J. 1999) (citations omitted).

Here, Spotts has not met his burden. Spotts argues that the Government has admitted that it cannot comply with its discovery obligations and, therefore, will not be able to comply with the trial date. (*See* Mot. 6-9.) In support of this argument, Spotts cites to the Government's November 25, 2025, correspondence which indicated that: (1) "the Government learned on November 21, 2025[,] that material which it intended to produce . . . *may* contain potentially classified information"; (2) "litigation under the Classified Information Procedures Act . . . *may* be necessary[, and] . . . *may* take months"; and (3) "[t]he Government cannot complete compliance with its discovery obligations until the process of reviewing potentially classified material is completed." (*Id.*; *see generally* Nov. 25, 2025, Correspondence (emphasis added).) What Spotts overlooks, however, is that the Court denied the Government's request for a continuance in response to the Government's November 25, 2025, correspondence (*see* Nov. 26, 2025, Text Order) and kept the set trial date—one which Spotts did not object to on the record—in light of the Government's lack of certainty regarding whether such classified material was going to be at

---

[4] The Government then has the burden of presenting evidence in connection with any time that should be excluded pursuant to Section 3161(h)(3) of the Act. 18 U.S.C. § 3162(a)(2).

3

issue in this case.[5] (*see generally* Oct. 29, 2025, Hr'g. Tr.) As of the time Spotts filed this Motion, the parties were, therefore, set to begin trial on January 12, 2026, a date for which Spotts did not object to as being in violation of his right to a speedy trial. The Government cannot be punished for unsuccessfully seeking a continuance, and Spotts's argument that the Government would not have been ready for the trial (*see* Mot. 6-9), which was set over one month from the time Spotts filed the Motion and the Court's denial of the continuance request, is entirely speculative. For these reasons, Spotts's argument that the Indictment should be dismissed because his right to a speedy trial was violated must be rejected at this time.[6]

*Second*, Spotts argues that the Indictment should be dismissed pursuant to Rule 48(b) and the supervisory powers of the Court. (Mot. 9-11.) Rule 48(b) provides that "[t]he court may dismiss an indictment . . . if unnecessary delay occurs in[] . . . bringing a defendant to trial." Fed. R. Crim. P. 48(b)(3). "This Rule 'refers to unreasonable or unnecessary delays on the part of the government.'" *United States v. Hassan-Gouda*, No. 07-258, 2013 WL 1501695, at *5 (D.N.J.

---

[5] The Court notes that, since the filing of the present Motion, the Government has filed a Motion for a Pretrial Conference to apprise the Court of the applicability of the Classified Information Procedures Act ("CIPA"), specifically representing that "[t]he Government has identified certain classified material" in this case, making the issue no longer one that is speculative in nature. (*See* Mot. for CIPA Conference and Appointment, ECF No. 32; *id.* at 20.) Notably, courts have found lengthy delays related to disclosure obligations for CIPA materials justifiable and not a violation of a defendant's right to a speedy trial. *See, e.g., United States v. Jumaev*, 20 F.4th 518, 534 (10th Cir. 2021) ("'[T]he district court's and the parties' obligations to comply with CIPA significantly complicated the discovery process' in ways that were unavoidable. For these reasons, the lengthy period of discovery was justified." (citation omitted)).

[6] The Court also notes that now, by Spotts's own making, the trial date has been adjourned. (*See* Dec. 4, 2025, Text Orders.) The period of delay from the filing of the present Motion to the date of this Memorandum Order will be excluded from calculating when the trial must take place pursuant to the Speedy Trial Act. *See, e.g.*, 18 U.S.C. § 3161(h)(1)(D) (excluding "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"); 18 U.S.C. § 3161(h)(1)(H) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

Apr. 8, 2013) (quoting *United States v. Hudson*, 545 F.2d 724, 725 (10th Cir. 1976)). "The Third Circuit has noted that Rule 48(b) is both 'a vehicle for enforcing a defendant's speedy trial right' and 'also a restatement of the court's inherent power to dismiss a case simply for want of prosecution.'" *United States v. Ravelo-Santos*, No. 24-490, 2025 WL 1260855, at *13 (D.N.J. Apr. 30, 2025) (quoting *United States v. Dreyer*, 533 F.2d 112, 113 n.1 (3d Cir. 1976)). "[T]o merit the ultimate sanction of dismissal, a discovery violation in the criminal context must meet the two requirements of prejudice and willful misconduct[.]" *Gov't of V.I. v. Fahie*, 419 F.3d 249, 259 (3d Cir. 2005). "The decision to grant or deny a Rule 48(b) motion is discretionary." *Ravelo-Santos*, 2025 WL 1260855, at *13 (citations omitted).

Here, the Court finds that dismissal is not warranted. Spotts argues that dismissal is appropriate due to the Government's discovery violations, which show "the type of repeated and willful misconduct that requires a dismissal with prejudice"—namely, the Government's: (1) attempt to "manufacture complexity" after indicting Spotts "right as the statute of limitations was about to expire[;]" (2) "fail[ure] to produce discovery and refus[al] to respond to . . . Spotts's request for *Brady* material[;]" and (3) subsequent representation that it cannot complete compliance with its obligations until it reviews possibly classified materials. (Mot. 11.) The Government, however, appears to have already produced the bulk of discovery (excluding the potentially-classified documents), acting in accordance with the Court's November 19, 2025, deadline for the Government to "provide substantially all discovery required by [Rule 16(a)(1)]."[7] (*See* Trial Scheduling Order; Gov't's Opp'n Br. 8-9, ECF No. 26; *see also* Mot. 5 (noting "the

---

[7] Spotts raises a complaint about technical difficulties accessing the produced documents. (Mot. 5.) By Spotts's own admission, however, the technical difficulties have been resolved (*see id.*), and the Court sees no reason to find that this technical difficulty was willful misconduct, particularly in light of the Government's representation that the hard drives containing the material were prepared in accordance with standard productions made nationwide (*see* Gov't's Opp'n Br. 9).

bulk of the Government's discovery (over seven million pages) was made in two productions dated November 4, and November 13, 2025").) As the Government points out, it has also "substantially completed its production . . . of *Brady* materials" and does not have a further obligation to specifically identify such material in its productions. (Gov't's Opp'n Br. 15-19); *see United States v. Pelullo*, 399 F.3d 197, 212 (3d Cir. 2005) ("*Brady* and its progeny permit the government to make information within its control available for inspection by the defense, and impose no additional duty on the prosecution team members to ferret out any potentially defense-favorable information from materials that are so disclosed."). Lastly, as addressed above, the Court does not find Spotts's complaint about the Government's statements made related to potentially classified information availing. As the Court fails to see how any of the Government's conduct is willful or how Spotts has been prejudiced by the Government's compliance with the then-in-place substantial completion of discovery deadline, and considering "dismissal of an indictment is an 'extreme sanction,'" *United States v. Chu*, No. 19-678, 2021 WL 5997985, at *5 (D.N.J. Dec. 20, 2021), the Court denies Spotts's request pursuant to Rule 48(b).

Based on the foregoing,

IT IS, on this 14th day of January 2026, **ORDERED** as follows:

1. Spotts's Motion (ECF No. 23) is **DENIED without prejudice**.[8]

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[8] If appropriate, Spotts may renew his motion to dismiss if the Government fails to comply with future deadlines set forth in this matter as the case proceeds to trial or if Spotts asserts that further delays violate his right to a speedy trial.