NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEFFREY SPOTTS | Criminal No. 25-519 (MAS)<br><br>**MEMORANDUM ORDER GRANTING MOTION FOR A CONTINUANCE AND SETTING A TRIAL SCHEDULE** |

**SHIPP, District Judge**

This matter comes before the Court upon its review of the parties' February 3, 2026, correspondence regarding a proposed schedule and continuance order. (*See* ECF Nos. 43, 44.) On January 28, 2026, the Court issued a Text Order directing the parties to "meet and confer to discuss any necessary proposed continuance and scheduling orders. . . . [and] e-file correspondence by no later than February 3, 2026, regarding any proposed continuance and scheduling orders, including deadlines for any motions pursuant to [the Classified Information Procedures Act ('CIPA')], for the Court's consideration." (ECF No. 42.)

The Court notes that the Government complied with the Court's Text Order, filing correspondence that: (1) indicates that the parties met and conferred, but did not reach an agreement (*see* Gov't's Feb. 3, 2026, Correspondence 1, ECF No. 43); (2) attaches the Government's Motion for Continuance and Exclusion of Time Under the Speedy Trial Act (*see generally* Gov't's Mot. for Continuance, ECF No. 43-1); and (3) attaches a proposed Trial Scheduling Order (*see generally* Proposed Trial Scheduling Order, ECF No. 43-2). Defendant Jeffrey Spotts ("Spotts"), however, failed to fully comply with the Court's directive, instead filing correspondence indicating that "Spotts cannot agree to the Government's proposals, which

continue to infringe on his constitutional and statutory rights[,]" but failing to provide any sort of alternative scheduling proposal for the Court to consider. (*See* Def.'s Feb. 3, 2026, Correspondence 1, ECF No. 44.) Spotts also attempts to rehash the Court's previous decisions on the Government's request for a continuance. (*See id.*) The Court is entirely unpersuaded by Spotts's attempt to again rely on the Court's prior denial of a continuance, which occurred *before* the Government made affirmative representations about the existence of classified materials and the need for the Court to follow CIPA. (*See generally* Mot. for Continuance, ECF No. 8; Oct. 30, 2025, Text Order, ECF No. 18; Mot. for CIPA Conference, ECF No. 32.) The Court already addressed this procedural history and rejected Spotts's arguments regarding the same in its January 14, 2026, Memorandum Order on Spotts's Motion to Dismiss. (*See generally* Jan. 14, 2026, Mem. Order, ECF No. 36; Mot. to Dismiss, ECF No. 23.)

With that in mind, the Court must first consider whether a continuance is appropriate at this time. Here, the Court finds that a continuance is necessary to allow for time for compliance with CIPA procedures. *See* 18 U.S.C. App. 3 § 1, *et seq.*; *United States v. Warsame*, No. 04-29, 2007 WL 748281, at *6 (D. Minn. Mar. 8, 2007) ("While a speedy trial is important, it is equally important to ensure that the defendant has access to all potentially relevant information in order to prepare fully his defense to the charges contained in the indictment."). The Government has requested a continuance through May 31, 2026, to allow for time to comply with the mandatory CIPA procedures. (Gov't's Mot. for Continuance 6.) The Court finds that this requested continuance is both sufficiently long to allow for the parties and the Court to comply with CIPA, but not too long to delay the upcoming trial more than is necessary. *See, e.g., United States v. Groff*, No. 05-1634, 2006 WL 952226, at *3 (3d Cir. Apr. 13, 2006) ("Unusual discovery-related issues provide a ground under the Speedy Trial Act for granting a continuance that is sufficiently

long to allow the parties to prepare adequately for trial."); *United States v. Jumaev*, 20 F.4th 518, 534 (10th Cir. 2021) ("'[T]he district court's and the parties' obligations to comply with CIPA significantly complicated the discovery process' in ways that were unavoidable. For these reasons, the lengthy period of discovery was justified." (citation omitted)); *Warsame*, 2007 WL 748281, at *3 ("A major complication owing to the justifiable delays in this case has been the invocation of CIPA. Implementation of the protections under CIPA is time consuming, but it is necessary before the prosecution can legally comply with its discovery obligations."); *United States v. Woewiyu*, No. 14-50, 2018 WL 2304042, at *10 (E.D. Pa. May 21, 2018) ("The nature of the prosecution and the novel issues in this case, including the need for the Government and the Court to engage in an arduous review of classified documents . . . justify the length of the Open-Ended 'Ends of Justice' Continuance."). The Court, accordingly, grants the Government's motion for a continuance through May 31, 2026.

Second, the Court must set a schedule for the parties moving forward. Because Spotts did not provide *any* proposal for the necessary upcoming deadlines (*see* Def.'s Feb. 3, 2026, Correspondence 1), the Court is inclined to adopt the majority of the Government's proposed deadlines (*see* Proposed Trial Scheduling Order). The parties are directed to comply with the deadlines set forth below, and the Court notes it will not extend the deadlines except for good cause shown.

Based on the foregoing,

**IT IS**, on this 10th day of February 2026, **ORDERED** as follows:

1.    The Government's Motion for a Continuance (ECF No. 43-1) is **GRANTED** through May 31, 2026.

2.    The Court imposes the following pre-trial deadlines for the parties:

3

a.    The Government shall provide its pre-marked exhibits on or before **April 3, 2026**.

  i.    The authenticity and chain of custody of the Government's pre-marked exhibits shall be deemed to have been accepted unless an objection is asserted in accordance with paragraph 2(a)(iii).

  ii.    If the Government discloses the scientific analysis of an exhibit that it proposes to introduce at trial and that analysis has been determined by an expert in the field of science involved, the scientific analysis of the exhibit shall be deemed to have been accepted unless an objection is asserted in the form set forth in paragraph 2(a)(iii).

  iii.    If the defendant wishes to contest the authenticity, chain of custody, or scientific analysis of an exhibit, counsel for the defendant shall file, on or before **April 10, 2026**, a notice that the authenticity, chain of custody, and/or scientific analysis of the exhibit will be contested at trial together with a statement delineating why the authenticity, chain of custody, and/or scientific analysis of the exhibit is being challenged and a certification that the challenge is being made in good faith.

b.    The defendant shall provide his pre-marked exhibits on or before **April 10, 2026.**

  i.    The authenticity and chain of custody of the defendant's pre-marked exhibits shall be deemed to have been accepted unless an objection is asserted in accordance with paragraph 2(b)(iii).

4

ii.    If the defendant discloses the scientific analysis of an exhibit that it proposes to introduce at trial and that analysis has been determined by an expert in the field of science involved, the scientific analysis of the exhibit shall be deemed to have been accepted unless an objection is asserted in the form set forth in paragraph 2(b)(iii).

iii.    If the Government wishes to contest the authenticity, chain of custody, or scientific analysis of an exhibit, counsel for the Government shall file, on or before **April 17, 2026**, a notice that the authenticity, chain of custody, and/or scientific analysis of the exhibit will be contested at trial together with a statement delineating why the authenticity, chain of custody, and/or scientific analysis of the exhibit is being challenged and a certification that the challenge is being made in good faith.

c.    The Government shall file its motion under Section 4 of CIPA, 18 U.S.C. app. 3, on or before **April 10, 2026**.

d.    The Government shall provide all material to be disclosed under *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, and although not required to do so, shall provide any material to be provided under the Jencks Act, 18 U.S.C. § 3500, on or before **April 27, 2026**.

e.    The defendant shall produce all "reverse Jencks" and impeachment material that is required to be disclosed under Federal Rule of Criminal Procedure 26.2 on or before **May 4, 2026**.

5

f.   The Government shall provide a written summary of testimony it intends to introduce as evidence at trial under Fed. R. Evid. 702, 703, and/or 705 on or before **April 6, 2026.**

g.   The defendant shall provide a written summary of testimony he intends to introduce as evidence at trial under Fed. R. Evid. 702, 703, and/or 705 on or before **April 13, 2026.**

h.   The parties may file any motions related to proposed expert testimony on or before **April 15, 2026**; any opposition to such motions shall be filed on or before **April 24, 2026**. No reply briefs shall be permitted.

i.   If the Government intends to offer any Rule 404(b) evidence, the Government shall provide notice of this evidence in the form delineated in Federal Rule of Evidence 404(b)(2)(A) on or before **April 13, 2026**.

j.   If the defendant intends to offer any "reverse Rule 404(b)" evidence, the defendant shall provide notice of this evidence in the form delineated in Federal Rule of Evidence 404(b)(2)(A) on or before **April 17, 2026**.

k.   The parties shall file any *in limine* motions, addressed to the admissibility of evidence, on or before **April 15, 2026**; responses to such motions may be filed on or before **April 24, 2026**; and oral argument on such motions shall be held on a date to be determined by the Court, if necessary.

l.   The parties shall file any *voir dire* requests on or before **May 1, 2026**.

m.   The parties shall file any proposed verdict sheets on or before **May 6, 2026.**

n.     The Government shall file all requests to charge on or before **April 27, 2026**. The defendant shall file all additional requests to charge or objections to the Government's requests to charge on or before **May 4, 2026**.

o.     An in-person final pretrial conference and Frye hearing shall commence on **May 11, 2026**, at 10:00 a.m. in Courtroom 5W.

p.     Jury selection shall commence on **May 18, 2026**, at 9:30 a.m.

q.     Trial shall commence as soon as jury selection is complete.[1]

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court expects trial to run expeditiously. Witnesses must be "on deck" and prepared to testify at the conclusion of the prior witness' testimony.

7