**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEFFREY SPOTTS | Criminal No. 25-519 (MAS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Jeffrey Spotts's ("Spotts") Renewed Motion to Dismiss the Indictment (the "Renewed Motion"). (ECF No. 52.) The Government opposed (Gov't's Opp'n, ECF No. 55), and Spotts replied (Spotts Reply, ECF No. 59). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Criminal Rule 1.1 and Local Civil Rule 78.1.

The Court only summarizes the procedural history necessary to contextualize the Renewed Motion. On November 27, 2025, Spotts filed his initial motion to dismiss, arguing that the Indictment filed against him should be dismissed pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, and Federal Rule of Criminal Procedure 48(b).[1] (*See generally* Mot. to Dismiss, ECF No. 23.) The Court denied his motion without prejudice because the argument that the Government would not be ready for trial was entirely speculative and "the Court fail[ed] to see how any of the Government's conduct [wa]s willful or how Spotts has been prejudiced by the Government's compliance with the then-in-place substantial completion of discovery deadline[.]" (Jan. 14, 2026, Mem. Order (the "Order") 4, 5-6, ECF No. 36.) The Court, however, noted that "[i]f appropriate,

---

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Criminal Procedure.

Spotts may renew his motion to dismiss if the Government fails to comply with future deadlines set forth in this matter as the case proceeds to trial or if Spotts asserts that further delays violate his right to a speedy trial." (*Id.* at 6 n.8.)

Now, Spotts brings his Renewed Motion pursuant to the Speedy Trial Act and Rule 48, arguing that "[t]he Government's delays have continued to violate . . . Spotts's right to a speedy trial" and that "the harm is no longer 'speculative[.]'" (Renewed Mot. 2, ECF No. 52.) Spotts bases this argument on the Government's delay in turning over 54,000 documents located on a OneDrive account that the Government has had possession of since January 2025 but failed to begin reviewing until January 2026. (*See id.* at 2, 4.) As of the time Spotts filed his motion, the Government had not turned over the OneDrive and had asked that "Spotts . . . agree[] to an additional protective order that would require him to disclose, two weeks prior to trial, any documents he intends to use at trial . . . so the Government can make doubly sure they are[ not] classified." (*Id.*) Spotts argues that "[i]f the harm . . . was 'speculative' when the Court first decided [Spotts's] motion to dismiss in January, it is no longer" and that it "is now clear, . . . Spotts could never have had the speedy trial the Court ordered because the Government could never have met its discovery obligations in time." (*Id.* at 4.)

The Court is once again not persuaded by Spotts's arguments in favor of dismissal and finds that he has not met his burden under the Speedy Trial Act. *See* 18 U.S.C. § 3162(a)(2) ("The defendant shall have the burden of proof of supporting such motion [brought pursuant to the Speedy Trial Act] but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time . . . ."); *United States v. Martinez*, 75 F. Supp. 2d 360, 363 (D.N.J. 1999) (citations omitted). *First*, Spotts's argument that "[t]he Government could never have been ready for a January 2026 trial because it is just now prepared, in April 2026, to meet its

Rule 16 and *Brady* obligations" (Renewed Mot. 3) is entirely speculative and an argument already rejected by this Court (*see* Order 4 ("Spott's argument that the Government would not have been ready for trial . . . is entirely speculative.")). *Second*, Spotts identified no specific deadline that the Government now has allegedly failed to comply with or "further delay" that warrants dismissal of the indictment.[2] (*See* Order 6 n.8 (noting that Spotts may renew his motion to dismiss only "if the Government fails to comply with *future deadlines set forth* in this matter" or if there are other, specific "*further delays* [that] violate his right to a speedy trial" (emphasis added)).) *Third*, as of the time this Renewed Motion was filed, trial was still scheduled to begin on June 1, 2026. (*See* Mar. 23, 2026, Text Order, ECF No. 46.) In a conference following the submission of this Renewed Motion, Spotts's own counsel asked for the trial to be pushed back, in part to review the documents, but also because of scheduling conflicts that Spotts's counsel had. (*See, e.g.*, May 4, 2026, Hr'g Tr. 8:24-25 ("Mr. Vartan: There are complications . . . in terms of my own schedule . . ."), 9:6 ("There is also a June 8 conflict.").) In light of this, the Court has pushed the trial back to July 6, 2026, and any potential prejudice related to the amount of time Spotts has to

---

[2] Spotts generally argues that "[f]ive months after the Government was ordered to substantially complete its discovery production and produce all *Brady* material to . . . Spotts, the Government has still not done so." (Renewed Mot. 4.) This argument, however, overlooks the fact that the Court granted a motion for a continuance through May 31, 2026, in light of the implication of the Classified Information Procedures Act ("CIPA"), providing the Government until April 10, 2026, to even file its motion pursuant to CIPA, which necessarily related to the contents of the OneDrive at issue. (*See* Feb. 10, 2026, Mem. Order, ECF No. 45.) Moreover, the Court rejects any argument that Spotts makes suggesting that dismissal is appropriate because he would not have enough time in advance of the as-scheduled trial date to review the remaining 54,000 documents. (*See* Renewed Mot. 2-3.) Such an argument by Spotts now is in direct contradiction with Spotts's counsel's previous representation in October 2025 that he would be prepared to move forward with trial and review 2.6 million documents in approximately the same about of time. (*See* Gov't's Opp'n 3-4 (summarizing arguments made at October 2025 hearing related to Spotts's review of 2.6 million documents).)

review the remaining documents is mitigated and the further delay is the making of Spotts's own request.[3] (*See* May 7, 2026, Text Order, ECF No. 64.)

In light of the above, the Court again finds that: (1) Spotts's right to a speedy trial has not been violated; (2) the Government has not engaged in any willful misconduct; and (3) Spotts has not been prejudiced such that dismissal of the indictment is warranted pursuant to either the Speedy Trial Act or Rule 48. *See Zedner v. United States*, 547 U.S. 489, 492 (2006) (noting general rule under the Speedy Trial Act and acknowledging "detailed scheme under which certain specified periods of delay are not counted" in determining if there is a violation); *Gov't of V.I. v. Fahie*, 419 F.3d 249, 259 (3d Cir. 2005) ("[T]o merit the ultimate sanction of dismissal, a discovery violation in the criminal context must meet the two requirements of prejudice and willful misconduct[.]").

Based on the foregoing,

**IT IS**, on this _19th_ day of May 2026, **ORDERED** as follows:

1.      Spotts's Renewed Motion (ECF No. 52) is **DENIED without prejudice**.[4]

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court also notes that the parties have since stipulated to, and the Court entered, a supplemental protective order to cover the documents on the OneDrive and the Government has turned over the documents on that OneDrive to the extent required by CIPA. (*See* Supp. Consent Protective Order, ECF No. 65; May 7, 2026, Joint Status Update, ECF No. 66 (noting that "the Government mailed out for overnight delivery a flash drive containing all the remaining OneDrive materials to [Spotts's] discovery vendor").)

[4] Once again, and only if appropriate, Spotts may renew his motion to dismiss if the Government fails to comply with future deadlines set forth in this matter as the case proceeds to trial or if Spotts asserts that further delays violate his right to a speedy trial.