NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEFFREY SPOTTS | Criminal Action No. 25-519 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon two motions filed by the United States of America (the "Government"): (1) the Government's Motions *in Limine* (ECF No. 49); and (2) the Government's Motion to Exclude Defense Expert (ECF No. 50). Defendant Jeffrey Spotts ("Spotts" or "Defendant") opposed both motions (ECF No. 56), and the Government replied (ECF No. 58). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b), which is applicable to criminal cases under Local Criminal Rule 1.1. For the reasons below, the Court grants in part, denies in part, and reserves in part on the Government's motions.

## I.    BACKGROUND

The parties are intimately familiar with the factual background in this matter. The Court, therefore, will not recite any facts in this Memorandum Opinion.[1]

---

[1] For a recitation of background facts in this matter, the parties are directed to the Court's January 14, 2026, Memorandum Order. (*See generally* Jan. 14, 2026, Mem. Order, ECF No. 36.)

## II.    LEGAL STANDARD

"District courts have 'wide discretion in determining the admissibility of evidence under the Federal Rules [of Evidence].'"[2] *Supernus Pharms., Inc. v. Ajanta Pharma Ltd.*, No. 21-6964, 2023 WL 4866348, at *1 (D.N.J. July 31, 2023) (quoting *United States v. Abel*, 469 U.S. 45, 54 (1984)). "Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine [disputes] of fact, a motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted). Importantly, "[e]vidence should not be excluded pursuant to a motion *in limine*, unless it is clearly inadmissible on *all* potential grounds." *Supernus*, 2023 WL 4866348, at *1 (second emphasis added) (quoting *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013)). "The movant bears the burden of demonstrating that the evidence is inadmissible on any relevant ground[.]" *Id.* (citation omitted). In the event that evidence is deemed admissible or inadmissible, a trial court's *in limine* rulings are "subject to change [as] the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer" prior to trial. *Id.* (quoting *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

## III.    DISCUSSION

The Court's preliminary rulings are discussed below. The Court will address each motion in turn, beginning with the *in limine* motions.

### A.    The Government's Motions *in Limine*

The Government raises nine motions as part of its Motion *in Limine* filing. (*See generally* Gov't's Mot. *in Limine* ("MIL"), ECF No. 49.) The Court addresses each in turn.

---

[2] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Evidence.

### 1.    *Motion to Exclude Certain Evidence Regarding Victims*

The Government first seeks to preclude Defendant from "arguing or eliciting evidence that Prophecy's investors were negligent, gullible, or insufficiently vigilant for investing in Prophecy or for failing to discover Defendant's fraudulent scheme." (*Id.* at 4.) Defendant responds that he "has no intention of offering evidence that victims were negligent." (Def.'s Opp'n Br. 1, ECF No. 56.) Spotts, however, indicates that he does "anticipate cross-examination around investor due diligence to the extent that investor witnesses claim ignorance of the fact(s) that . . . Spotts shared with them, was in the documentation Prophecy provided to them, or was knowable from their own due diligence, whether via access to Prophecy's offices or proprietary systems." (*Id.* at 2.) In light of Spotts's representations in opposition, the Government contends that "[Spotts] intends to do exactly what he knows he may not do—argue that the victims could have saved themselves if only they had tried harder to ascertain 'knowable' facts." (Gov't's Reply Br. 1, ECF No. 58.)

"The Third Circuit has clearly stated that '[t]he negligence of the victim in failing to discover a fraudulent scheme is not a defense to criminal conduct.'" *United States v. Weinstein*, No. 24-128, 2025 WL 438344, at *8 (D.N.J. Feb. 9, 2025) (alteration in original) (quoting *United States v. Coyle*, 63 F.3d 1239, 1244 (3d Cir. 1995)). The Government's motion is, accordingly, granted, and Spotts shall not introduce evidence or advance arguments of victims' negligence.

### 2.    *Motion to Exclude Evidence that Defendant Intended to Repay Victims*

The Government seeks to preclude Defendant from "offering evidence or arguing that he intended to return or repay victims' funds and therefore he did not act with the intent to defraud." (MIL 5.) In his opposition, Defendant argues that such a theory "is not the defense based on the discovery provided to date" but that "Spotts does anticipate eliciting testimony around the collateral he understood was provided by managers . . . which he believed secured the fund." (Def.'s Opp'n Br. 2.) Spotts also notes that he "may elicit testimony that in June 2022, Kahn

3

entered into a settlement agreement with Prophecy through which he agreed to pay Prophecy's investors approximately $250,000,000—confirming that Kahn was at all times obligated to satisfy his collateral commitment to Prophecy." (*Id.*)

"[A] defendant's good faith belief that the representations he made were, in fact, truthful eliminates the specific intent to defraud . . . [, but] the well-intentioned belief that a business venture . . . would be successful and would allow for a repayment of money taken from victims does not supply a basis for a defense that there was a good faith belief that a representation was true." *United States v. Salzano*, No. 22-690, 2024 WL 866885, at *17 (D.N.J. Feb. 26, 2024) (third alteration in original) (quotation marks omitted) (quoting *United States v. Okun*, No. 08-132, 2009 WL 414009, at *3 (E.D. Va. Feb. 18, 2009)). Moreover, "[t]he Third Circuit has 'never held that evidence of repayment is relevant when considering a person's intent to defraud another.'" *Weinstein*, 2025 WL 438344, at *9 (quoting *United States v. Lucas*, 709 F. App'x 119, 123 (3d Cir. 2017)).

The Government's motion is granted in part and denied in part. The Government's motion is granted insofar as Spotts shall not introduce evidence or advance arguments concerning his intent to return or repay victims' funds, including any efforts he or a co-conspirator made or could have made to do so. The Government's motion is denied insofar as Spotts may present other testimony, excluding evidence of intent to repay victims, related to his own personal intent—or lack thereof— to defraud.

### 3.   *Motion to Exclude Claims Regarding Presence of Attorneys*

The Government next represents that it "believes that Defendant may seek to offer evidence and argument that he relied on the advice or presence of legal counsel." (MIL 10.) As a result, the Government asks this Court to "preclude any advice-of-counsel defense or involvement-of-counsel defense," because Defendant failed to provide notice or discovery

materials related to such a defense. (*Id.*) In opposition, Defendant states that this "is not the defense[,]" but notes that he "does anticipate eliciting testimony that lawyers were involved in the Samjor transaction . . . [and] he may also elicit testimony around the involvement of attorneys in the Broad Reach redemption and the valuation of assets . . . ." (Def.'s Opp'n Br. 3.)

A "good faith defense . . . is simply a reiteration that the government must carry its burden in demonstrating that the accused acted knowingly and willfully." *United States v. Ware*, 858 F. App'x 499, 510 (3d Cir. 2021) (quotation marks omitted) (quoting *United States v. Gross*, 961 F.2d 1097, 1103 (3d Cir. 1992)). "The advice-of-counsel defense is a more specific form of the defense of good faith, available in limited circumstances in which a good faith instruction may otherwise be applicable." *United States v. Salzano*, No. 22-690, 2024 WL 640751, at *2 (D.N.J. Feb. 15, 2024). "Some courts have recognized that 'reliance on the advice of counsel need not be a formal defense; it is simply evidence of good faith, a relevant consideration in evaluating a defendant's scienter.'" *Weinstein*, 2025 WL 438344, at *9 (quoting *Howard v. SEC*, 376 F.3d 1136, 1147 (D.C. Cir. 2004)). "Courts are wary of allowing such evidence, however, where the 'practical effect is indistinguishable' from an advice[-]of[-]counsel defense." *Id.* (quoting *United States v. Rangott*, No. 23-4, 2024 WL 3488038, at *3 (S.D.N.Y. July 19, 2024)).

Spotts contends that the facts he may elicit regarding the presence of attorneys are "important and necessary facts that inform why . . . Spotts believed what he believed around the collateralization of Kahn's losses and the value of Broad Reach." (Def.'s Opp'n Br. 3.) The Court agrees that such facts may be relevant to show Spotts's state of mind and will not necessarily become an advice-of-counsel defense. *See, e.g.*, *SEC v. Present*, No. 14-14692, 2017 WL 11901157, at *1 (D. Mass. July 31, 2017) (finding evidence that defendant "engaged top counsel to ensure compliance with legal requirements" admissible "to the extent it is relevant to whether

[d]efendant acted in good faith and/or with due care"). The Court, therefore, disagrees with the Government's argument that "the attorneys' involvement is irrelevant and carries a risk of confusion that substantially outweighs any negligible probative value[.]" (Gov't's Reply Br. 2.)

The Court, accordingly, grants in part and denies in part the Government's motion. The Court grants the motion insofar as Spotts may not present an advice-of-counsel or involvement-of-counsel defense. The Court denies the Government's motion, however, insofar as it seeks to exclude all testimony regarding the presence of attorneys which may be relevant to evidence of Spotts's good faith. Spotts is cautioned, however, not to put undue focus on the attorneys' presence or otherwise suggest that Spotts relied on counsel's advice. *See Weinstein*, 2025 WL 438344, at *10 (providing same cautionary instruction to defendant).

### 4.    *Motion to Exclude Certain Personal Factors and Discussion of Punishment*

The Government next argues that Spotts should be prohibited from offering "evidence or argument concerning his family background (other than as it relates to the charged conduct), health condition, age, conditions of pretrial release or detention[], or any other similar personal factors" as well as "evidence or argument concerning the punishment or consequences he faces if convicted." (MIL 15-18.) Defendant represents that he "has no intention of raising these arguments." (Def.'s Opp'n Br. 3.)

Given Spotts's representation, the motion appears to be moot. The Court, therefore, reserves on the motion at this time, but cautions Defendant that such evidence would not be admissible. *See, e.g., United States v. Battaglia*, No. 05-774, 2008 WL 144826, at *3 (S.D.N.Y. Jan. 15, 2008) (precluding "evidence of [d]efendant's family and personal status" because it is not "relevant to the issue of whether [d]efendant committed the crimes charged"); *Weinstein*, 2025

WL 438344, at *10 (holding that "no party shall introduce evidence of potential penalties or mandatory minimums").

### 5.    Motion to Preclude Defendant from Improperly Using Agent Reports to Impeach Witnesses

The Government next argues that the Court "should preclude Defendant from introducing the contents of law enforcement reports of witness interviews to impeach those witnesses during cross-examination, publishing the contents of the reports to the jury, or otherwise suggesting to the jury that the reports are statements of the witnesses." (MIL 18.) Defendant responds that he "is aware of the Rules" and primarily seeks to impeach witnesses with "their own statements, given under oath, which were video recorded" and are admissible under Rule 801(d)(1)(A). (Def.'s Opp'n Br. 3.)

Given Spotts's representation, the motion appears to be moot. The Court, therefore, reserves on this motion and directs the parties to comply with the Rules.

### 6.    Motion to Permit Michael Petron to Testify as a Summary Witness

The Government next seeks a ruling that Michael Petron ("Petron"), a Managing Director with Stour Risius Ross, LLC, "be permitted to testify as a summary witness at trial." (MIL 19.) Spotts has no objection to Petron's testimony. (Def.'s Opp'n Br. 3.) The Court, accordingly, grants the Government's motion. Petron is permitted to testify as a summary witness.

### 7.    Motion to Preclude Evidence Concerning the Government's Charging Decisions for Other Parties

The Government next seeks to preclude "Defendant from eliciting evidence or presenting arguments suggesting that other individuals involved in the schemes at issue have not been prosecuted or that they faced lesser charges than Defendant." (MIL 21-24.) Spotts represents that he "does not intend to" but notes that he plans to "vigorously cross-examine" cooperating

7

witnesses on "the benefits of the plea agreements the Government extended them." (Def.'s Opp'n Br. 4.)

Given Spotts's representation, the motion appears to be moot. The Court, therefore, reserves on this motion.

### 8.    *Motion to Compel Defendant to Produce Reciprocal Discovery*

The Government requests that the Court compel Defendant to produce all undisclosed material required by Federal Rule of Criminal Procedure 16(b)(1). (MIL 24-25.) Spotts represents that he "is aware of his discovery obligations." (Def.'s Opp'n Br. 4.)

To the extent that Defendant has not yet produced all material required, he is compelled to do so. The Government's motion is granted.

### 9.    *Permission to File Additional Motions*

The Government also requests leave to file additional *in limine* motions to address any additional evidentiary issues that may arise. (MIL 25.) Defendant does not oppose and reserves his right to do the same. (Def.'s Opp'n Br. 4.)

The Court grants the Government's motion. Any additional motions *in limine* must be filed by either party no later than **June 9, 2026**. Oppositions to those motions are due **June 16, 2026**. No reply briefs shall be permitted.

### B.    Government's Motion to Exclude Defense Expert

The Government's second motion seeks to exclude Defendant's witness Laurie A. Allen ("Allen"), JD, CFE of Withum, from testifying as an expert witness. (*See generally* Gov't's Mot., ECF No. 50.) The Government argues that Defendant has not met his disclosure burdens under Federal Rule of Criminal Procedure 16, which require that a defendant's disclosure of proposed expert testimony contain, among other things, "a complete statement of all opinions that the

defendant will elicit from the witness in the defendant's case-in-chief . . . [and] the bases and reasons for them[.]" Fed. R. Crim. P. 16(b)(1)(C)(iii).

Defendant, however, responds that Allen "will offer summary testimony based on records produced in discovery" like the Government's summary witness, Petron. (Def.'s Opp'n Br. 4.) In reply, the Government indicates that it "takes Spotts at his word . . . that he will introduce only summary evidence through . . . Allen[,]" and does not raise any further arguments about needing to exclude such testimony. (Gov't's Reply Br. 1.) Because it appears that Defendant does not intend to offer Allen as an expert witness, the Government's motion appears to be moot.

The Court, accordingly, denies without prejudice the Government's motion, and Allen is permitted to testify as a summary witness.

## IV.    CONCLUSION

For the reasons set forth above, the Court grants in part, denies in part, and reserves in part on the Government's motions. The Court will issue an Order consistent with this Memorandum Opinion.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 5/28/26

9