

**U.S. DEPARTMENT OF JUSTICE**

*United States Attorney's Office*
*District of New Jersey*

*970 Broad Street, Suite 700*          973-645-2700
*Newark, New Jersey 07102*

June 2, 2026

**<u>VIA ECF</u>**

Hon. Michael A. Shipp, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re: *United States v. Spotts*, Crim. No. 25-519 (MAS)

Dear Judge Shipp:

The Government writes in response to Spotts's May 29, 2026 letter asking the Court to revisit its ruling on the Government's CIPA motion because "[t]he defense believes the Court may have overlooked" the discoverability of certain material under *Brady* or Rule 16. ECF No. 78. But the Court has already considered whether *Brady* and Rule 16 require disclosure and decided they do not; its ruling should be left undisturbed.

A motion for reconsideration is "an extraordinary remedy that is granted very sparingly" and will be granted "'only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.'" *Grossberger v. Div. of L.*, Civ. No. 21-12102 (MAS) (TJB), 2023 WL 9170448, at \*1 (D.N.J. Dec. 19, 2023) (quoting *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013)). The Court had the benefit of *ex parte* submissions from both parties when it ruled.[1] As the Government has already conveyed to defense counsel, the Court—armed with

---

[1] CIPA and the cases interpreting it make clear that the process of making such dueling *ex parte* submissions is appropriate as protects both important public interests and the defendant's rights. *United States v. Amawi,* 695 F.3d 457, 472 (6th Cir. 2012) ("[T]he right that section four confers on the government to seek deletion or substitution would be illusory if defense counsel were allowed to participate in section four proceedings because defense counsel would be able to see the information that the government asks the district court to keep from defense counsel's view"); *id. at* 469 (approving district court's practice of "conduct[ing] ex parte hearings with defense counsel to learn about their defense theories and how any classified information might be helpful or necessary to the defense.").

the necessary factual and legal arguments—determined that the material at issue is discoverable only under *Giglio* (and only if the Government calls the relevant witness) and not under Rule 16 or *Brady*.

The Government is aware of, and has discussed with defense counsel, the implications of Federal Rule of Evidence 806. The Government does not intend to offer any evidence—including hearsay or non-hearsay statements admissible under Rule 801(d)(2)(C), (D), or (E)—that would trigger its *Giglio* obligations with respect to the relevant witness. It intends to offer only a limited number of documents that contain that witness's statements and will not offer these statements for their truth. The Government will move, within the time the Court provided for additional motions *in limine*, *see* ECF 75 at 8, for a ruling that each of these documents is admissible for an appropriate non-hearsay purpose.

In light of all this, Spotts's continued insistence that the Court order disclosure of material Spotts is not entitled to receive appears calculated to undermine the purpose of CIPA. *See United States v. Alahmedalabdaloklah*, 94 F.4th 782, 810, n.14 (9th Cir.), *cert. denied,* 145 S. Ct. 770 (2024) ("Congress passed CIPA to prevent the problem of 'graymail,' a practice by which defendants pressed for the release of classified information to force the government to drop the prosecution.") (cleaned up).

For these reasons, the Government asks that the Court leave its ruling undisturbed and allow the case to proceed to trial.

Respectfully submitted,

ROBERT FRAZER
UNITED STATES ATTORNEY

By:  Aaron L. Webman
Kelly M. Lyons
Olta Bejleri
Assistant U.S. Attorneys

cc: Counsel of Record (via ECF)

2