

CHIESA SHAHINIAN & GIANTOMASI PC

105 Eisenhower Parkway, Roseland, NJ 07068
csglaw.com

LEE VARTAN
Member

lvartan@csglaw.com

O  973.530.2107    F  973.325.1501

June 4, 2026

Honorable Michael A. Shipp
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

  Re: *United States v. Spotts*, Crim. No. 25-519 (MAS)

Dear Judge Shipp:

  The Government's letter today is quite simply astonishing. The Government presents the Court with two options: (*i*) extend the Government's time to appeal the Court's May 11, 2026 CIPA decision, contrary to Congress's plain directive, or (*ii*) dismiss.

  The Government, however, is jurisdictionally barred from seeking review of the Court's CIPA decision, as the 14-day statutory deadline has elapsed ███████████████████████████████████████ That leaves only one option: dismiss.

  And at this point, dismissal is the only option ██████████████ ████████████████████████████████████████ That is because despite the Government's suggestions otherwise, there has been nothing "diligent" about the Government's ████████████████ case. ███ Let us remind the Court of the history.

  The Government indicted Mr. Spotts five years after the conduct alleged in the Indictment had ended. Mr. Spotts made clear his desire to exercise his Speedy Trial rights, and, initially, the Government agreed to

June 4, 2026
Page 2

a speedy trial. But because of long processing times at some government data center in South Carolina, the Government realized that a speedy trial was impossible because of its lack of diligent preparation. So, the Government filed a pretextual complex case motion. The Court rightly denied that motion, and the parties were proceeding to trial. That is, until the Government stumbled on a trove of potentially classified documents that was in the Government possession all along; the Government had just never bothered to open them. The Court adjourned the trial. Then, just a few weeks before the new trial date in May, the Government announced that it was prepared to (finally and belatedly) produce 50,000 additional documents from its main cooperating witness to the defense, but only if the defense agreed to preview its trial strategy.

At the last status conference, the Government announced that it was no longer calling Brian Kahn as a witness. Kahn was the entire reason that Mr. Spotts had been denied a speedy trial. The Government ignored this history altogether, claiming instead that because Kahn was not testifying, the defense didn't have to concern itself with the 50,000 documents that had just been produced. The defense noted the obvious unfairness—and the irony that Mr. Spotts had been repeatedly denied a speedy trial for a witness that the Government was no longer calling. The Court said the July 6 trial date was firm, and the defense has been *diligently* preparing for trial since.

Now the Government ██████████ requests an adjournment. It doesn't say why. There are vague allusions ████████████████████ ████████████████████ but that is just an admission that nothing new has surfaced. The Government has had since November 2025 to consult with this unknown government office. What happened here is clear. The Government considered our recent filing—and the raft of other *in limine* motions Mr. Spotts is preparing to file—and realized there is no case without Brian Kahn. So, the response is to buy time—yet again. This time, the Government asks the Court to disregard the express terms of the CIPA statute and grant the Government an extension to *consider* whether it will appeal a ruling that it is out of time to appeal, and which, incidentally, still has not been shared with the defense. (*See* ECF No. 78.)

June 4, 2026
Page 3

The defense is exhausted by the Government's gamesmanship in this case. The Court should be too. The Government cites no law, rule, or case that permits the Court to extend the Government's time to appeal.

This Court has no equitable authority to extend an appellate deadline set by Congress. The Supreme Court "has long held that the taking of an appeal within the prescribed time is mandatory and jurisdictional. Indeed, those decisions have also recognized the jurisdictional significance of the fact that a time limitation is set forth in a statute." *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (quotation omitted). Congressional authority to set appellate time limits derives from Congress's authority to control the cases federal courts have jurisdiction to hear. *Id.* at 211-13.

Congress set a 14-day deadline to appeal the denial of a protective order under CIPA. 18 U.S.C. App. 3, § 7. "Prior to trial, an appeal shall be taken within fourteen days after the decision or order appealed from and the trial shall not commence until the appeal is resolved." *Id.* Congress was unequivocal in setting forth expedited requirements. *Id.* ("An appeal taken pursuant to this section either before or during trial *shall* be expedited by the court of appeals.").

Because the time to appeal a CIPA protective order decision is "prescribed by statute," the deadline "will be regarded as 'jurisdictional,' meaning that late filing of the appeal notice necessitates dismissal of the appeal." *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 19 (2017). *See also United States v. Kalb*, 891 F.3d 455, 462 (3d Cir. 2018) (concluding that Congress's use of "shall" in 18 U.S.C. § 3731, setting the Government's time to appeal in a criminal case, was a jurisdictional requirement). Federal Rule of Appellate Procedure 4(b)(4) does not apply to statutory deadlines, nor could a court rule override a jurisdictional requirement. The Government's failure to timely file an appeal within 14 days ███████████████████████████████████████████ deprives the Court of Appeals of jurisdiction from hearing an appeal. As a result, this Court lacks the ability to extend the statutory filing deadline.

June 4, 2026
Page 4

Appealing the ruling is not an option for the Government. ███████

███████████    But the Government need not exercise that option. Mr. Spotts will exercise it for the Government. Because the Government has conceded that it cannot proceed to trial on July 6, Mr. Spotts moves to dismiss the Indictment with prejudice. At every turn, the Government has attempted to thwart Mr. Spotts's constitutional right to a speedy trial. No more. This prosecution must finally end.

Respectfully submitted,

s/ Lee Vartan

Lee Vartan
Member